Joseph F. Rossi, t/a Pizzeria, Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 3, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Ernest B. Orsatti,* with him *Joseph J. Pass, Jr., Neal R. Cramer, McKay, Arch & Steele,* and *Jubelirer, McKay, Pass & Intrieri,* for appellant.

*Paul S. Roeder,* Assistant Attorney General, for appellee.

OPINION BY JUDGE KRAMER, July 29, 1975:

This is an appeal by Joseph F. Rossi, t/a Pizzeria, from an order of the Board of Finance and Revenue. The Board refused Rossi's petition for review and sustained the decision of the Sales Tax Board of Review assessing Rossi for sales tax for the period January 1, 1968 through June 30, 1970. The issue in this case is whether the sale of baked pizza by Rossi was a sale from an "eating place." We conclude that it was not and, therefore, reverse.

In lieu of a trial by jury, the parties have entered into a stipulation which sets forth the pertinent facts and the procedural features of this case. The stipulation reads in pertinent part as follows:

1. Appellant, Joseph F. Rossi, is the sole proprietor of the Pizzeria situated at 1225 Fourth Avenue, Coraopolis, Pennsylvania 15108.

2. Appellant's business operation, which is identical to the present operation, has remained the same during the entire period of the assessment which is in question herein.

3. The pizza prepared by Appellant is prepared from basic raw ingredients by a process of mixing them together with the end result being an edible product.

4. Appellant prepares on its business premises all the dough, sauce and other assorted ingredients used in the making of pizza.

5. All the pizza sold by Appellant is boxed and taped for take-out by the customer.

6. Appellant provides no place on its immediate business premises where patrons can consume the pizza.

7. Some of the pizza sold by Appellant is baked and some is sold unbaked. The Bureau of Taxes for Education considered taxable only that portion of Appellant's sales which were baked and assessed only those sales.

8. The Appellant does not cater to or home-deliver pizza or any other product to any customer.

9. There is no distinction in the making of a pie, bread, cake and the like than in the way the Appellant makes its pizza, except for the different ingredients used.

10. The Appellant does not purchase from any wholesaler or retailer pizza ready for sale which he resells to the public.

. . . .

12. The Bureau of Taxes for Education conducted an audit of Appellant's business for the period January 1, 1968 to June 30, 1970.

13. On or about October 7, 1970, the Bureau mailed notice to Appellant, assessing a sales tax deficiency in the amount of $4,342.05, plus interest of $346.06 and penalty of $1,000.89, resulting in a total assessment of $5,707.00. . . .

14. On or about November 12, 1970, Appellant duly and timely filed a Petition for Reassessment.

15. On February 16, 1971, a hearing was conducted in Pittsburgh, Pennsylvania, before M. Leon Tolochko, Hearing Examiner. As a result of that hearing, a decision dated May 5, 1971 was mailed to Appellant sustaining the sales tax assessment with interest and abating the penalties. . . .

16. Pursuant to the aforesaid Decision and Order, and on, to-wit, May 10, 1971, a Notice of Reassessment was sent to the Appellant for the amount of

$4,342.05 in sales tax, plus $516.06 interest, for a total of $4858.11. . . .

17. On July 6, 1971, Appellant duly and timely filed a Petition for Review of Assessment with the Board of Finance and Revenue.

18. On October 29, 1971, the Board of Finance and Revenue mailed an Order refusing the Petition of Appellant and sustaining the decision of Sales Tax Board. . . .

Our review is governed by section 1104 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1104 (Supp. 1975-76), which reads in pertinent part as follows:

"Appeals taken hereunder shall be hearings *de novo,* and no questions shall be raised by the appellant that were not brought to the attention of the department making the settlement, or in the application for resettlement, or petition for review prior to the appeal, and set forth in the specification of objections unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have raised such questions before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided." (Emphasis added.)

The sole question presented is whether the retail sale by Rossi of hot pizza, boxed and sealed for consumption off the premises, is taxable under the Tax Act of 1963 for Education, Act of March 6, 1956, P.L. (1955) 1228, *as amended,* now repealed by section 280 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 47, *as amended,* 72 P.S. §7201 et seq.[1] Section 203 (u) of

---

1. Rossi's brief repeatedly refers to the Tax Reform Code of 1971, as the basis for his contention that his sales were excluded

the Tax Act of 1963 for Education (Act), 72 P.S. §3403-203, sets forth the following exclusion:

"The tax imposed by section 201 shall not be imposed upon

. . . .

"(u) The sale at retail or use of food and beverages for human consumption including candy, gum, and similar confections, except that this exclusion shall not apply with respect to:

. . . .

"3) food and beverages (except when purchased at or from a school, church or hospital in the ordinary course of activities of such organization) when the purchase price of the total transaction is more than fifty cents (50¢), when purchased (i) from persons engaged in the business of catering or (ii) from persons engaged in the business of operating restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels and *other eating places. . . .*" (Emphasis added.)

The pizza involved in this case was obviously food sold at retail for human consumption and, therefore, it falls within the general exclusion set forth in section 203(u) of the Act. The issue in this case is whether the exception to the general exclusion, which is set forth in subsection (3) of section 203(u), is applicable to Rossi's sales. The Commonwealth contends that the Pizzeria is an "eating place" and Rossi contends that it is not.

The distinction between a tax exclusion and a tax exemption was set forth in *Commonwealth v. Sitkin's*

---

from the tax. This contention is in error because the Tax Reform Code of 1971 did not become effective until after the tax period here in question. The sales tax statute which was in effect during the period in question was the Tax Act of 1963 for Education, as noted above. Although the Tax Act of 1963 for Education has been repealed, it may still be found in Purdon's Statutes and, therefore, we will cite Purdon's when referring to the Act.

*Junk Co.,*[2] where it was pointed out that exemptions are to be strictly construed against the taxpayer. Exclusions are items which were not intended to be taxed in the first place, and to the extent there is doubt about the meaning of the statutory language, exclusionary provisions are to be construed against the taxing body. *Equitable Gas Company v. Commonwealth,* 18 Pa. Commonwealth Ct. 418, 335 A. 2d 892 (1975) and *Tyger & Karl Complete Water Systems Co., Inc. v. Commonwealth,* 5 Pa. Commonwealth Ct. 154 (1972).

From the very beginning of this case, Rossi has argued that since the Bureau of Taxes for Education (now the Bureau of Sales and Use Tax) recognizes that a bakery is a manufacturing-process operation, Rossi's Pizzeria should likewise be recognized. This argument is misplaced because the manufacturing-processing exclusion is not relevant to the collection of sales tax upon the sale of the product to the consumers, whether by a bakery, a pizzeria or a steel mill. The manufacturing-processing exclusion relates to tax liability for certain tangible personal property used or consumed directly in the manufacturing-processing operation. The Commonwealth contends that, since Rossi initially sought to avoid taxation on the basis of the manufacturer-processor exclusion, he is precluded now from raising the issue of whether he should have been excluded from taxation under section 203(u) of the Act. If section 203(u) of the Act had not been raised anywhere in the proceedings below, then we would agree that Rossi could not raise it on appeal. The record reveals, however, that in the initial adjudication of the Bureau of Taxes for Education Board of Review, the hearing examiner concluded that Rossi was liable for this tax because his establishment was "considered an eating place."[3] Also,

---

2. 412 Pa. 132, 194 A.2d 199 (1963).

3. Rossi never filed any tax returns because he believed he was excluded under the wording of the Act. The hearing examiner

although the Commonwealth contends that it is improper for Rossi to raise the section 203(u) exclusion, the Commonwealth bases its entire argument for taxation on the proposition that Rossi's establishment is an "other eating place" within the meaning of that term in section 203(u)(3).

The Commonwealth relies heavily upon *Munsch Limited v. Pennsylvania Board of Finance and Revenue,* 47 D. & C. 2d 326 (1969). In *Munsch,* the court decided that sales of prepared foods and beverages from trucks, which traveled to construction sites, office buildings and factories, were taxable under the Act. The court found that the trucks were mobile restaurants or lunch counters and concluded that the sales fell within the exception in section 203(u)(3) of the Act, despite the fact that the food purchased was not consumed on the trucks. We agree with the *Munsch* decision, but we believe that it is distinguishable. Rossi's Pizzeria is quite different from the mobile lunch counters involved in the *Munsch* case. As is noted in the stipulation, the Pizzeria is almost identical to a bakery, which is excluded under section 203(u) of the Act.

Unfortunately the Act does not define "other eating places." The regulations applicable to section 203(u) of the Act, however, do provide some guidance. Regulation No. 204, Ruling No. 110, reads as follows:

> "*Other eating place*: Any establishment or premises where food or beverages are prepared and sold, *primarily for consumption on the premises,* including, but not limited to a grill, vending machine, cafeteria, automat, soda fountain, refreshment stand, saloon, buffet, lunchroom, snack bar, employees' cafeteria or lunchroom, hospital cafeteria, and any place required to be licensed by a state or local health

specifically found that Rossi was not negligent and that he had no intent to defraud the Commonwealth of any taxes due.

agency as a public eating or drinking place." (Emphasis added.) Commerce Clearing House, Pennsylvania Tax Reporter, para. 60-102.25(d).[4]

At the argument before this Court, counsel for the Commonwealth agreed that goods sold at a bakery were deemed to be excluded under section 203(u). Rossi argues that since the only difference between the baking of an apple pie sold at a bakery and the baking of a pizza pie at a pizzeria is the ingredients used, his sales should likewise be excluded.[5]

This case is typical of the confusing maze in which a citizen often finds himself when dealing with a government bureaucracy. Some stores have two cash registers; one is used for taxable sales and the other for sales excluded under the Act. If a citizen purchases doughnuts to be consumed at a counter on the premises, the sale is taxable, but if a citizen purchases doughnuts which are packaged for consumption off the premises, the sale is not taxable. If a citizen orders a pint of ice cream in a dairy store which is packaged and taken home, the sale is not taxable. If an identical pint of ice cream is placed in a dish, the sale is taxable. Under the facts of this case, if a pizza is sold in its uncooked form, the Commonwealth agrees the sale is not taxable, the same as a pizza purchased from a frozen-food case in a supermarket. However, through the magic of bureaucratic interpretation,

---

4. Although Rossi attempts to insert into the record before this Court an allegation that his establishment is not licensed by a state or local health agency as an eating place or drinking place, we may not utilize such evidence not properly a part of the record. The stipulation does not mention this fact.

5. Funk & Wagnall's Cook's and Diner's Dictionary (1968) defines pizza as follows:

"an open-faced *pie,* originally Italian, consisting of a breadlike crust spread with any of various mixtures, as cheese and tomatoes, anchovies, sausages, etc., and then baked." (Emphasis added.)

the identical piece of pizza, which is nontaxable in its uncooked form, becomes taxable when baked.[6]

We have no difficulty with the tax liability of sales of prepared foods and beverages from trucks such as those involved in the *Munsch* case; nor do we have any difficulty with sales of food prepared for consumption at or near the place of preparation, *e.g.* the fast-food purveyors and ice milk product stands. We do have difficulty fitting Rossi's Pizzeria into any of those categories where such sales are taxable. The Bureau saw fit to insert the words "primarily for consumption on the premises" as its interpretation of what "other eating places" are. The stipulation states that all of Rossi's pizza is boxed and taped for "take out," and that Rossi provides no place for consumption on the premises. The stipulation also states that there is no distinction between the making of a pie (apple or otherwise) at a bakery and the making of Rossi's pizza, except for different ingredients used. This is a close case. We are influenced by the Bureau's regulation providing that if the food is prepared and sold primarily for consumption on the premises, the establishment is an "other eating place" and the sales are taxable.

We conclude that the sale by Rossi of baked pizza, boxed and sealed for consumption off the premises, is within the exclusion set forth in section 203(u) of the Act, and is not within the exceptions set forth in section 203(u)(3). The adjudication of the Board of Finance and Revenue is reversed.

---

6. The Commonwealth contends that some stores maintain two separate establishments, i.e., a restaurant or "other eating place," and a grocery store or bakery. In this case, the Commonwealth apparently contends that, when Rossi sells uncooked pizza, he is operating a bakery, but, when he sells cooked pizza, he is operating an eating place. Rossi's confusion concerning his tax liability is understandable, since it is not easy to comprehend how a pizza counter, dispensing a single product for off-premises consumption, can be considered two separate establishments.

526

We therefore

ORDER

AND Now this 29th day of July, 1975, the order of the Board of Finance and Revenue, dated October 29, 1971, issued in the above captioned matter, is hereby reversed and, with respect to the taxable period of July 1, 1968 through June 30, 1970, judgment is hereby directed to be entered in favor of Pizzeria, 1225 Fourth Avenue, Coraopolis, Pennsylvania 15108 and Joseph F. Rossi, t/a Pizzeria.

Judge WILKINSON concurs in the result only.