### In re TWISTEROO SOFT PRETZEL BAKERIES, INC., Debtor.

**Bankruptcy No. 79–879G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 16, 1982.

Lester H. Novack, Philadelphia, Pa., for debtor, Twisteroo Soft Pretzel Bakeries, Inc.

Samuel Alper, trustee.

William Harvey, Philadelphia, Pa., for trustee, Samuel Alper.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the debtor is liable to the Commonwealth of Pennsylvania for sales and use tax where the debtor was engaged in the business of selling soft pretzels from sidewalk booths and kiosks. We conclude that the sale of pretzels by the debtor falls within an exception to the sales and use tax, and we will, consequently disallow the Commonwealth's claim.

The facts of the instant case are as follows:[1] Beginning in 1963, Twisteroo Soft Pretzel Bakeries, Inc. ("the debtor") was engaged in the business of selling, at retail, soft pretzels from sidewalk booths or kiosks located at various shopping centers or discount store sites. In 1973, after examining the books and records of the debtor, the Commonwealth of Pennsylvania, Department of Revenue ("the Commonwealth") assessed a six percent tax liability on the debtor for all of its pretzel sales. The Commonwealth made similar assessments during the following years, resulting in payments by the debtor of more than $52,000.00 for the tax years prior to 1978.

On May 16, 1979, the debtor filed a petition for an arrangement under chapter XI of the Bankruptcy Act ("the Act").[2] The Commonwealth filed a proof of claim in those proceedings in the amount of $72,657.75 for unpaid sales and use taxes as well as other corporate taxes. The debtor objected to that portion of the Commonwealth's claim ($57,637.75) which represents unpaid sales and use tax because it asserts that it is exempt from that tax. A hearing was held on the debtor's objection at which the Commonwealth failed to appear.

The sales and use tax in Pennsylvania is found in chapter 5 of Article II of the Tax Reform Code of 1971[3] and provides for a tax of six percent on the sale and use of various products and services.[4] However, § 7204 of that statute excludes certain transactions and items from the sales and use tax. That section provides, in pertinent part:

§ 7204. Exclusions from tax

The tax imposed by section 202 *shall not be imposed* upon

. . . .

(2) *The sale at retail or use of food* and beverages *for human consumption* including candy, gum and similar confections,

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 403, 92 Stat. 2683 (1978).

3. Pa.Stat.Ann. tit. 72, §§ 7101 et seq. (Purdon).

4. Section 7202 provides:
§ 7202. Imposition of tax.
(a) There is hereby imposed upon each separate sale at retail of tangible personal property or services, as defined herein, within this Commonwealth a tax of six per cent of the purchase price, which tax shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided.
(b) There is hereby imposed upon the use, on and after the effective date of this article, within this Commonwealth of tangible personal property purchased at retail on or after the effective date of this article, and on those services described herein purchased at retail on and after the effective date of this article, a tax of six per cent of the purchase price, which tax shall be paid to the Commonwealth by the person who makes such use as herein provided, except that such tax shall not be paid to the Commonwealth by such person where he has paid the tax imposed by subsection (a) of this section or has paid the tax imposed by this subsection (b) to the vendor with respect to such use. The tax at the rate of six per cent imposed by this subsection shall not be deemed applicable where the tax has been incurred under the provisions of the "Tax Act of 1963 for Education." [1]
(c) Notwithstanding any other provisions of this article, the tax with respect to nonresidential intrastate telephone service and intrastate telegraph service within the meaning of clause (m) of section 201 of this article [2] shall, except for telegrame paid for in cash at telegraph offices, be computed at the rate of six per cent upon the total amount billed to customers periodically for such services, irrespective of whether such billing is based upon a flat rate or upon a message unit charge.
(d) Notwithstanding any other provisions of this article, the sale or use of food and beverages dispensed by means of coin operated vending machines shall be taxed at the rate of six per cent of the receipts collected from any such machine which dispenses food and beverages heretofore taxable.
1971, March 4, P.L. 6, No. 2, art. II, § 202. As amended 1971, Sept. 9, P.L. 437, No. 105, § 1, imd. effective; 1978, Oct. 4, P.L. 987, No. 201, § 1, imd. effective.
1 Section 3403–1 et seq. of this title.
2 Section 7201 of this title.
Pa.Stat.Ann. tit. 72, § 7202 (Purdon).

*except that this exclusion shall not apply with respect to—*

    (i) Soft drinks;

    (ii) Malt and brewed beverages and spirituous and vinous liquors;

    (iii) *Food* and beverages (except when purchased at, or from a school or church in the ordinary course of activities of such organization) when the purchase price of the total transaction is more than ten cents (10¢), when purchased (i) from persons engaged in the business of catering, or (ii) *from persons engaged in the business of operating* restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels *and other eating places.* For the purpose of this subclause (iii), beverages shall not include malt and brewed beverages and spirituous and vinuous liquors, but shall include soft drinks, and the price of such soft drinks shall be considered together with the price of other beverages and food in determining whether the purchase price of the total transaction is more than ten cents (10¢).[5]

In its objection to the Commonwealth's claim, the debtor asserts that it is in the business of selling soft pretzels at retail but does not operate an "eating place" within the meaning of the above statute. Consequently, the debtor contends that its sales are excluded from the sales and use tax.

    ■ Initially, it is important to bear in mind the distinction between a tax exclusion and a tax exemption.[6] Tax exemptions are items which the tax payer is entitled to excuse from the operation of a tax and, as such, are to be strictly construed against the tax payer.[7] Tax exclusions, on the other hand, are items which were not intended to be taxed in the first place and, thus, to the extent there is any doubt about the meaning of the statutory language, exclusionary provisions are to be strictly construed against the taxing body.[8] In fact, tax laws in general (with the exception of exemption clauses) are construed in favor of the tax payer and against imposition of the tax unless the legislative intent is clear and unambiguous.[9]

    ■ In interpreting the exclusionary provisions of the tax statute before us in this case, we are guided by two cases in which that statute was applied to similar facts. In the first case, *Munsch Ltd. v. Pennsylvania Board of Finance and Revenue,*[10] the Court of Common Pleas of Dauphin County held that an owner and operator of food trucks *was* liable for the sales and use tax. In that case, food and various other items were loaded onto each of Munsch's trucks which were then driven to various assigned stops. After the trucks were parked, customers would enter the trucks through the rear doors and help themselves to soup, sandwiches, coffee and other items. The operation was almost exclusively self-service, with no seating accommodations provided for customers and with all sales made for use and consumption off the premises. Munsch contended that the fact that the trucks did not contain tables, chairs or other facilities for the consumption of the food purchased from the trucks removed his business from liability for the sales and use tax by operation of § 7204 of the tax statute. After tracing the history of that statute, however, the court stated:

*Tax Review Board of Philadelphia v. Esso Std. Div.,* 424 Pa. 355, 227 A.2d 657, *cert. denied,* 389 U.S. 824, 88 S.Ct. 63, 19 L.Ed.2d 79 (1967); *Panther Valley Tele. Co. v. Borough of Summit Hill,* 376 Pa. 375, 102 A.2d 699 (1954); *In re Girard Trust Co.,* 343 Pa. 434, 23 A.2d 454 (1942); *Paper Products Co. v. Pittsburgh,* 183 Pa.Super. 234, 130 A.2d 219 (Pa.Super.Ct.), *aff'd,* 391 Pa. 87, 137 A.2d 253 (1957).

---

5. *Id.* at § 7204.

6. *See, e.g., Commonwealth v. Sitkin's Junk Co.,* 412 Pa. 132, 194 A.2d 199 (1963).

7. *See, e.g., Equitable Gas Co. v. Commonwealth,* 18 Pa.Commw. 418, 335 A.2d 892 (1975); *Tyger & Karl Complete Water Systems Co., Inc. v. Commonwealth,* 5 Pa.Commw. 154 (Pa.Commw.Ct.1972).

8. *Id.*

9. See, 1 Pa.Cons.Stat. § 1928(b). *See also, Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975);

10. 91 Dauph. 82, 47 Pa. D. & C.2d 326 (C.P.Ct. Dauph.1968).

A review of the entire legislative history in this portion of the statute shows a definite legislative mandate to exempt the purchase of food and beverages only when purchased from a normal grocery store or supermarket. In any instance where the food is prepared, such as in the present case where submarines, barbecues, hamburgers, cheeseburgers and hot dogs, together with soups and beverages are sold, such an entity should be subject to tax. *There are vendors which do not fit precisely under the heading of a grocery store or supermarket; however, it appears obvious that appellant does not operate such an establishment, but rather a mobile restaurant or lunch counter.* The fact that appellant provides no tables, chairs or eating facilities does not remove it from taxation, and in light of the legislative history, such lack of eating facilities coupled with the type of business operation, mandates the imposition of the provisions of the taxing statute upon appellant.[11]

In the second case, *Rossi v. Commonwealth*,[12] however, the Commonwealth Court of Pennsylvania held that the sale of baked pizza was not a sale from an eating place and, therefore, was not subject to the sales and use tax. In that case, Rossi provided no place on his immediate premises where his patrons could consume the pizza. Rather, Rossi would prepare the pizza on his premises and box it for take-out by customers. As a result, the court held that the retail sale of pizza, boxed and sealed for consumption off the premises, was not taxable under the Pennsylvania sales and use tax statute. With respect to the term "other eating places," the court stated:

Unfortunately the Act does not define "other eating places." The regulations applicable to section 203(u) of the Act, however, do provide some guidance. Regulation No. 204, Ruling No. 110, reads as follows:

"*Other eating place*: Any establishment or premises where food or beverages are prepared and sold, *primarily for consumption on the premises*, including, but not limited to a grill, vending machine, cafeteria, automat, soda fountain, refreshment stand, saloon, buffet, lunchroom, snack bar, employees' cafeteria or lunchroom, hospital cafeteria, and any place required to be licensed by a state or local agency as a public eating or drinking place." (Emphasis added.) Commerce Clearing House, Pennsylvania Tax Reporter, para. 60–102.25(d).[13]

The court went on to state:

This case is typical of the confusing maze in which a citizen often finds himself when dealing with a government bureaucracy. Some stores have two cash registers; one is used for taxable sales and the other for sales excluded under the Act. If a citizen purchases doughnuts to be consumed at a counter on the premises, the sale is taxable, but if a citizen purchases doughnuts which are packaged for consumption off the premises, the sale is not taxable. If a citizen orders a pint of ice cream in a dairy store which is packaged and taken home, the sale is not taxable. If an identical pint of ice cream is placed in a dish, the sale is taxable. Under the facts of this case, if a pizza is sold in its uncooked form, the Commonwealth agrees the sale is not taxable, the same as a pizza purchased from a frozen-food case in a supermarket. However, through the magic of bureaucratic interpretation, the identical piece of pizza, which is nontaxable in its uncooked form, becomes taxable when baked.

We have no difficulty with the tax liability of sales of prepared foods and beverages from trucks such as those involved in the Munsch case; nor do we have any difficulty with sales of food prepared for consumption at or near the place of preparation, e.g., the fast-food

---

**11.** 47 Pa.D. & C.2d at 331–32.

**12.** 20 Pa.Commw. 517, 523, 342 A.2d 119, 128 (Pa.Commw.Ct.1975).

**13.** 342 A.2d at 123 (footnote omitted).

purveyors and ice milk product stands. We do have difficulty fitting Rossi's Pizzeria into any of those categories where such sales are taxable. The Bureau saw fit to insert the words "primarily for consumption on the premises" as its interpretation of what "other eating places" are. The stipulation states that all of Rossi's pizza is boxed and taped for "take out", and that Rossi provides no place for consumption on the premises. The stipulation also states that there is no distinction between the making of a pie (apple or otherwise) at a bakery and the making of Rossi's pizza, except for the different ingredients used. This is a close case. We are influenced by the Bureau's regulation providing that if the food is prepared and sold primarily for consumption on the premises, the establishment is an "other eating place" and the sales are taxable.[14]

We likewise have difficulty with the instant case. However, we find that the debtor's operations are more similar to those of the taxpayer in *Rossi* than to the operations of the taxpayer in *Munsch*. This is so because, although the food sold by the debtor is not packaged as it was in Rossi, the debtor does not sell a variety of items or operate "a mobile restaurant or lunch counter" as did the taxpayer in *Munsch*. Furthermore, while the debtor does not fit within the heading of a grocery store or supermarket, it also does not operate an establishment where food and beverages are prepared and sold primarily for consumption on the premises. Because this case is a close case and because, when interpreting exclusionary clauses in tax statutes, any doubt must be construed against the taxing body, we conclude that the debtor's operations fit within the exclusion of § 7204 and are, therefore, not liable for the sales and use tax assessed against them. Consequently, we will disallow the Commonwealth's claim to the extent it includes any claim for the sales and use tax.

14. *Id.* 342 A.2d at 123–24 (footnote omitted).