## Smith, Appellant, *v.* Messner.

Argued October 3, 1952. Before STERN, STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

*Sydney S. Stern*, with him *Philip Sterling* and *Sterling, Stern & Levy*, for appellant.

*Edward Friedman*, Deputy Attorney General, with him *Robert E. Woodside*, Attorney General, for appellee.

*Stanley Folz* and *Sundheim, Folz, Kamsler & Goodis* filed a brief for interested party, under Rule 46.

OPINION BY MR. JUSTICE CHIDSEY, November 18, 1952:

This is a companion case to *Sablosky v. Messner*, decision in which was filed contemporaneously herewith: (See 372 Pa. 47, 92 A. 2d 411). The appel-

lant in this case attacks the constitutionality of The Realty Transfer Tax Act of 1951 upon the same grounds pressed in the *Sablosky* case, all of which we held to be without merit. It is necessary, therefore, to consider only the additional contention of appellant here that agreements for the sale of real estate are not taxable documents within the intendment of the Act.

No facts are in dispute. On February 21, 1952 appellant entered into an agreement for the purchase of certain real estate for the aggregate consideration of $4,000 and paid to the sellers, one Edward Ludwig and wife, an initial deposit of $100 on account of the total purchase price. This agreement, executed after the effective date of the Act, was subject to the tax if agreements of sale are taxable thereunder. Appellant's bill in equity sought, *inter alia,* to restrain the Secretary of Revenue from imposing and collecting any tax thereon. This appeal is from final judgment dismissing the bill.

The Act defines "Document" as "Any deed, instrument or writing whereby any lands, tenements or hereditaments within this Commonwealth or any interest therein shall be granted, bargained, sold, *or otherwise conveyed* to the grantee, purchaser, or any other person, . . .". (Emphasis supplied). The learned chancellor and court *en banc* held that an agreement for the sale of real estate fell within the intendment of the Act because the term "Document" included ". . . lands, tenements or hereditaments . . . *or any interest therein* . . ." upon the theory that when a contract is made for the sale of land, equity considers the purchaser of the estate sold as acquiring an equitable interest therein. We are constrained to disagree with this conclusion. It is true that upon the execution of a contract for sale of real estate, equity regards the purchaser as obtaining an equitable interest, but the

agreement of sale does not *convey* such equitable interest. It *creates* one arising through operation of law; it does not *convey* one. We think that the crucial words in considering the provision of the Act in question are "or otherwise conveyed", as above emphasized, and that they control the meaning of the preceding words "granted, bargained, sold", limiting them to their well established technical meaning: See Statutory Construction Act of 1937, P. L. 1019, Art. III, Sec. 33. An agreement of sale is an undertaking to execute and deliver an instrument of conveyance and the latter is something separate and apart from the agreement of sale itself. The words "or otherwise conveyed" contemplate an executed conveyance and impliedly exclude agreements to convey which are executory in nature with mutual promissory obligations.

Certainly the Act does not expressly include an agreement of sale as a taxable document and it may not be included by implication because the Act is a taxing statute containing penal provisions[1] and is subject to the rule of strict construction: Section 58 of the Statutory Construction Act of 1937, P. L. 1019, 46 PS §558; *Philadelphia v. Goldfine,* 151 Pa. Superior Ct. 59, 62, 29 A. 2d 233; *Sauer Appeal,* 167 Pa. Superior Ct. 33, 74 A. 2d 700; *Scranton v. O'Malley Manufacturing Co.,* 341 Pa. 200, 204, 19 A. 2d 269; *LaBrum et al. v. Commonwealth Title Company of Philadelphia,* 358 Pa. 239, 243, 56 A. 2d 246.

If a tax is to be imposed upon the conveyance of real estate and the antecedent agreement for its sale as well, this amounts to double taxation which under all of our decisions will not be imputed as the intend-

---

[1] Sections 8 and 9 of the Act make it a misdemeanor for anyone to deliver or accept a document without the tax thereon being paid and for the recorder of deeds to record any document without the proper documentary stamp or stamps being affixed thereto.

ment of the Legislature without express language clearly showing such intent. To meet this principle, appellee claims (and expressly so provides in the rules and regulations adopted for the administration of the Act) that in the case of an agreement of sale, the tax thereon shall be the money then paid on account of the purchase price and the tax imposed upon the conveyance consummating the agreement of sale shall be credited with the tax imposed upon the agreement therefor. But this goes beyond interpretation and amounts to legislative revision. The tax on a document by Section 2 is imposed on ". . . the amount of the actual consideration therefor, including liens or other encumbrances thereon, . . .". Such interest as a purchaser may have in the real estate by virtue of the execution of an agreement of sale results, not from the payment of any part of the purchase money, but from the contract itself, and the Act unquestionably contemplates that stamps be affixed based upon the total consideration agreed to be paid and not merely upon the value of the initial deposit under an agreement of sale. A deposit is not the consideration for an agreement of sale, but on the contrary a payment on account of the total consideration to be paid for the ultimate conveyance.

We are of the opinion that agreements of sale are not taxable documents under the Act.

Judgment reversed at cost of appellee.