## Munsch Limited v. Pennsylvania Board of Finance and Revenue

*Smith B. Gephart, Killian, Gephart & Snyder,* for appellant.

*Edward T. Baker,* Deputy Attorney General; *William C. Sennett,* Attorney General, for Commonwealth.

SHELLEY, J., May 5, 1969.—This is an appeal of Munsch Limited (hereinafter referred to as "appellant") from the decision of the Board of Finance and Revenue (hereinafter referred to as the "board") refusing to recognize that appellant is not subject to the provisions of the Selective Sales and Use Tax Act of March 6, 1956, P.L. (1955) 1228, as amended by the Tax Act of 1963 for Education of May 29, 1963, P. L. 49, 72 PS §3403-1 et seq. The board assessed appellant with a deficiency for sales and use tax for a period from January 1, 1963, to June 30, 1966.

A jury trial has been waived in accordance with the provisions of the Act of April 22, 1874, P. L. 109, 12 PS §688. The parties have entered into a stipulation of facts. We adopt the stipulation as our findings of fact and incorporate the same herein by reference. In the course of our opinion we will discuss those facts which, in our judgment, are essential to the disposition of this case.

Appellant's specifications of objections are:

1. "The decision of the Board of Finance and Revenue is erroneous and unlawful because it requires Appellant to collect a sales tax pursuant to the Sales Tax Act, whereas Appellant is not subject to the provisions of such Act since it does not engage in the business of catering nor does it operate an eating place, within the meaning of the Act."

2. "The decision of the Board of Finance and Revenue is erroneous and unlawful because it denies to Appellant the protection afforded by Section 1 of the Fourteenth Amendment to the United States Con-

stitution and Article 1, Section 9 of the Constitution of the Commonwealth of Pennsylvania by depriving Appellant of its property without due process of law."

3. "The decision of the Board of Finance and Revenue is erroneous and unlawful because it imposes a tax on the business of Appellant while other enterprises engaged in substantially similar activities are not so taxed, thereby violating the equal protection of law clause of Section 1 of the Fourteenth Amendment of the Constitution of the United States and the uniformity of taxation clause of Article IX, Section 1 of the Constitution of the Commonwealth of Pennsylvania."

Appellant, in its argument and its brief in support of its argument, contended only that it was neither a caterer nor an operator of an eating place within the meaning of the Tax Act of 1963 for Education, supra. We, accordingly, must assume that specifications of objections 2 and 3 above have been abandoned and, therefore, are dismissed without further comment.

Appellant owns and operates 14 trucks, from which is delivered prepared food and sundry items to the general public in the Pittsburgh metropolitan area. Each of these trucks is assigned a route with specified stops to be made at predetermined times at construction sites, office buildings and factories. Each of the trucks is loaded with food and various items early in the morning at appellant's warehouse, and is driven to the various stops assigned, where it is parked and the rear doors are opened by the driver. Customers enter the truck through the rear doors and help themselves to canned soups, sandwiches, coffee and other items in the truck. They then pay the driver and exit through the front door on the passenger side of the vehicle. The operation is almost exclusively self-service. There are no seating accommodations

provided for the customers and all sales are made for off-premise use and consumption.

The primary question to be resolved in this appeal is whether appellant is subject to tax under the provisions of the Tax Act of 1963 for Education, supra.

We said in Commonwealth v. Hanover Shoe Farms, Inc., 27 D. & C. 2d 366, 77 Dauph. 296, 300 (1961), that:

"It is equally well settled in Pennsylvania that if the power to tax exists and the taxpayer is within the general language of the statute or ordinance imposing the tax, all provisions relied upon to establish an exemption from the tax should be strictly construed against the claim for exemption."

Section 203(u)(3) of the Tax Act of 1963 for Education, supra, 72 PS §3403-203(u)(3), provides that the tax imposed by the act shall not be imposed upon the sale at retail or use of food and beverages for human consumption, except that the exclusion does not apply to food and beverages when purchased (i) from persons engaged in the business of catering, or (ii) from persons engaged in the business of operating restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels and other eating places.

In order to answer the primary question, it is necessary to determine whether appellant's trucks are "other eating places" within the meaning of the amending act of 1963.

Appellant contends that the fact that it does not provide tables, chairs or other facilities on which to consume the food purchased removes itself from liability for the tax.

The Act of March 6, 1956, P. L. (1955) 1228, was the first sales and use tax enacted in Pennsylvania. This act provided in article I, sec. 2(f)(17), that a

sales and use tax was imposed upon "[f]ood and beverages when purchased for consumption on the premises (i) from persons engaged in the business of operating . . . eating places . . . and (ii) from persons engaged in the business of catering. . . ." This provision remained in the Act of 1956 until the amendment of June 16, 1959, P. L. 470, which provided in section 2 that:

"(17) Food and beverages, (except when purchased at, or from a school, church or hospital in the ordinary course of activities of such organization) *when the purchase price of the total transaction is more than fifty cents (50c),* when purchased (i) from persons engaged in the business of catering, or (ii) from persons engaged in the business of operating restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels and other eating places. [,when in the latter case, the purchase is for consumption on the premises of the vendor or when furnished, prepared or served for consumption at tables, chairs or counters or from trays, glasses, dishes or other tableware provided by the vendor. *For* the purposes of this clause (17) beverages shall not include malt and brewed beverages and spirituous and vinous liquors."[1]

The Act of 1956 was again amended by the Act of May 29, 1963, P. L. 49, section 203(u), 72 PS §3403-203(u), which provides:

"(u) The sale at retail or use of food and beverages for human consumption including candy, gum and similar confections, except that this exclusion shall not apply with respect to:

"(1) soft drinks;

"(2) malt and brewed beverages and spirituous and vinous liquors;

---

1. Italics indicates new language; brackets indicate language removed.

"(3) food and beverages (except when purchased at, or from a school, church or hospital in the ordinary course of activities of such organization) when the purchase price of the total transaction is more than fifty cents (50c), when purchased (i) from persons engaged in the business of catering, or (ii) from persons engaged in the business of operating restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels and other eating places."

The Acts of 1959 and 1963, supra, removed from the Act of 1955, supra, the requirement that the purchase be made for consumption on the premises or for consumption at tables, chairs, etc., provided by the vendor. Appellant's basic contention for non-taxability is that the purchases of food were not for consumption on the trucks. This contention has no merit in light of the Act of 1959, supra, and, in our opinion, solidifies the Commonwealth's position that appellant's activities are subject to tax.

A review of the entire legislative history in this portion of the statute shows a definite legislative mandate to exempt the purchase of food and beverages only when purchased from a normal grocery store or supermarket. In any instance where the food is prepared, such as in the present case where submarines, barbecues, hamburgers, cheeseburgers and hot dogs, together with soups and beverages are sold, such an entity should be subject to tax. There are vendors which do not fit precisely under the heading of a grocery store or supermarket; however, it appears obvious that appellant does not operate such an establishment, but rather a mobile restaurant or lunch counter. The fact that appellant provides no tables, chairs or eating facilities does not remove it from taxation, and in light of the legislative history, such lack of eating facilities coupled with the type of busi-

332

ness operation, mandates the imposition of the provisions of the taxing statute upon appellant.

Since we have determined that appellant is operating an "other eating place" and, therefore, subject to the tax imposed by the Act of 1956, as amended by the Act of 1963, it is not necessary for us to determine whether or not it is "engaged in the business of catering".

Considering what we have said, we conclude that the operation of appellant is subject to the provisions of the sales tax act and that judgment must be entered for the Commonwealth. Accordingly, we make the following

### ORDER

And now, May 5, 1969, appellant's specification of objections is dismissed and judgment is entered for the Commonwealth in the sum of $12,781.87,[2] with interest as provided by the statute to date of payment. Costs to be paid by appellant.

---

2. Stipulation of fact number 23 provides that:

"23. If the Court concludes that the operation of appellant is subject to the provisions of the Sales Tax Act, judgment should be based upon the following calculations:

"Sales Tax . . . $12,663.28
"Use Tax . . . .     118.59
"Total . . . . . $12,781.87, together with interest as provided by statute to date of payment."