539 A.2d 38

CRH Catering Co., Inc., a Pennsylvania Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued December 17, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Murray I. Horewitz,* with him, *Thomas A. Bowlen,* for petitioner.

*Robert P. Coyne,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE COLINS, March 21, 1988:

CRH Catering Co., Inc. (taxpayer), owner/operator of coin-operated automatic vending machines, has filed exceptions to a decision of this Court which affirmed an order of the Board of Finance and Revenue (Board), itself sustaining, upon administrative appeal, an assessment of sales tax issued by the Commonwealth of Pennsylvania, Department of Revenue (Commonwealth). *See CRH Catering Co., Inc. v. Commonwealth,* 104 Pa. Commonwealth Ct. 91, 521 A.2d 497 (1987). (*CRH Catering I*). We there rejected taxpayer's contention that the assessment of sales tax upon certain prepackaged food items dispensed by vending machine pursuant to Sections 202 and 204 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§7202(d), 7204(29),[1] was unconstitutional be-

---

[1] Section 202(d) of the Code provides:
Notwithstanding any other provisions of this article, the sale or use of food and beverages dispensed by means of coin operated vending machines shall be taxed at the rate of six percent of the receipts collected from any such machine which dispenses food and beverages heretofore taxable.
Section 204 of the Code provides an exemption for the sale of food and beverages for human consumption but excludes from that exemption:
    (iii) Food and beverages . . . when purchased (i) from persons engaged in the business of catering, or (ii) from

cause identical items were not subject to sales tax when purchased in a convenience store. Secondly, we upheld the Commonwealth's methodology of computing sales tax on taxpayer's reported gross receipts.

We will not repeat the facts of the instant matter, amply set forth in our prior decision. Suffice it to now say that taxpayer characteristically operates a bank of vending machines in various locations, not limited to industrial plants, universities and sports centers. In certain locations, it provides tables and chairs, microwave ovens, plasticware, napkins and cups for the convenience of its customers; it may even provide attendants to assist customers. We found such services and locations permitted the categorization of taxpayer's vending machines as an "other eating place" within the meaning of Section 204 of the Code and thus affirmed the Commonwealth's assessment of tax upon its retail sales.

In so doing, we cited with approval the test formulated by the Supreme Court of Minnesota in *Associated Food Services, Inc. v. Commissioner of Taxation,* 298 Minn. 277, 216 N.W. 2d 253 (1974). In analyzing the propriety of assessing tax on vending machine sales, the Supreme Court considered whether a vending machine, in its method of merchandising and its consumer market, bears greater resemblance to a grocery store or a restaurant. Applying such analysis, we found taxpayer's locations and services suggested that its "machines are situated so as to supply consumers with immediate refreshment in places of employment, educational institutions or the like. [Taxpayer's] competitors are more likely to be restaurants, coffee shops or snack bars, than grocery stores." *Id.* at 100, 521 A.2d at 502.

persons engaged in the business of operating *restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels and other eating places.* (Emphasis supplied.)

Taxpayer again challenges the constitutionality of the Commonwealth's assessment of sales tax on the disputed products and suggests that the Code's disparate tax treatment of similar or identical prepackaged food items depending upon purchase from a vending machine or a convenience store constitutes an arbitrary classification. Having reconsidered taxpayer's argument, we reiterate that absolute equality and uniformity in taxation are not required to withstand constitutional challenge. *Leonard v. Thornburgh,* 507 Pa. 317, 489 A.2d 1349 (1985). As we previously noted, "lines must be drawn in making tax classifications." *CRH Catering I* at 101, 521 A.2d at 502. We will not vary our original conclusion. In its method of merchandising and consumer base, taxpayer's sales are distinguishable from those in a convenience store so as to justify a distinctive tax burden.

We will, however, now clarify a point perhaps unclear in *CRH Catering I.* We do envision circumstances where services are so limited as to render our method of merchandising analysis inapplicable to vending machine sales. For example, we would not define a vending machine standing alone and without tables and chairs, a microwave, cups, plasticware and napkins, as an "other eating place" within the meaning of the Code. Taxpayer's representative testified that it operates thousands of vending machines without providing tables and chairs. Indeed, it proffered photographs of certain locations having solely a bank of machines in an area of apparent personnel transit. We do not find such evidence sufficient to carry taxpayer's burden of demonstrating an unreasonable tax classification. *See Leonard.* Even the most unappealing photograph proffered by taxpayer reveals that a microwave has been provided with the bank of machines. We conclude that taxpayer has simply failed to carry its burden in this regard.

Further, we reject taxpayer's contention that the regulatory definition of an "other eating place" precludes its categorization as such. That definition states:

> *Other eating place*—An establishment or premises where food or beverages are prepared and sold primarily for consumption on the premises, including, but not limited to a grill, vending machine, cafeteria, automat, soda fountain, refreshment stand, saloon, buffet, lunchroom, snack bar, employes' cafeteria or lunchroom, hospital cafeteria, and any place required to be licensed by a State or local health agency as a public eating or drinking place.

61 Pa. Code §49.1(a). According to taxpayer, the categorization is inapt because it does not prepare food at the site of its machines nor are its locations required to be licensed as above. The very concept of a vending machine envisions the provision of products where alternate sources are unavailable. Emphasizing the specific inclusion of a vending machine in the above definition, we will not interpret the regulation to exclude those vending machines which distribute products prepared elsewhere. Moreover, the record is devoid of evidence as to taxpayer's licensing requirements. We thus affirm our prior decision upholding the Commonwealth's assessment of tax.

We turn to the taxpayer's contention that the Commonwealth's method of calculating its tax liability amounted to proscribed double taxation. As noted in *CRH Catering I*, the Commonwealth computed tax due and owing by multiplying taxpayer's admitted vending machine gross receipts by six per cent in accordance with the regulation at 61 Pa. Code §31.28.[2] Taxpayer

---

[2] That regulation provides that the vendor pay sales tax on the sale of food and beverages dispensed by a vending machine "at the rate of 6.0% of the gross receipts collected from the machine. . . .

had maintained that its reported gross receipts *included* the purchase price of any item *plus* collected sales tax and had remitted tax in accordance with *its* computation.[3] We affirmed the Commonwealth's assessment of a $21,032.83 tax deficiency arising from taxpayer's computation because we found insufficient evidence in support of its contention that it collected tax on each purchase. We believe our initial conclusion was erroneous.

As taxpayer indicates, the sole means by which it can collect tax from its customers is to include that amount in the price designated on the machine. Taxpayer's representative testified that it intended such inclusion and, while we previously found such testimony inconclusive on this issue, we now note that taxpayer remitted in excess of $350,000 in sales tax for the relevant time period based upon its method of computation. It flies in the face of good business sense to suggest that any vendor would pay this amount from business proceeds. Given its sole means of collecting tax, it is reasonable to assume that taxpayer factored tax into its designated purchase price. We conclude that the gross receipts from taxpayer's vending machines consisted of the purchase price and collected tax. Any further assessment of tax by the Commonwealth is proscribed.

Moreover, Section 202 of the Code provides for tax on vending machine sales "at the rate of six per cent of the *receipts collected* from any such machine. . . ." It is thus the regulation, imposing tax on "gross receipts,"

---

[I]f the receipts from a machine total $100, the amount of tax that would be remitted to the Commonwealth by the vendor would be $6.00.

[3] Taxpayer computed tax by dividing its admitted gross receipts by 1.06 and then multiplying that quotient by the six per cent tax rate.

rather than the statute, which effectively imposes double taxation and which must be invalidated.

The Commonwealth argues that the computation defined by the regulation was devised through negotiations with the vending machine industry. This method, according to the Commonwealth, obviates the vendor's necessity of breaking out *each* individual sale at retail and calculating tax liability by the so-called "bracket" method; it actually results in lesser tax liability than taxpayer's proposed computation, or so the Commonwealth suggests. Contentions as to the lobbying efforts of any party are irrelevant to our determination and we will not further consider them.

In conclusion, we affirm our previous determination that taxpayer has not met its burden of proving that the assessment of sales tax on its retail sales pursuant to Sections 202 and 204 of the Code is unconstitutional. However, we do find that taxpayer has met its burden of proving that the Commonwealth's method of calculating sales tax imposes double taxation. To the extent that the provision of 61 Pa. Code §31.28 imposes tax on "gross receipts collected from [any] machine," such regulation is hereby invalidated. Accordingly, we reverse that portion of our prior decision which affirmed the Commonwealth's assessment of a sales tax deficiency in the amount of $21,032.83.

## ORDER

AND NOW, this 21st day of March, 1988, based on exceptions filed by CRH Catering Co., Inc., our previous Order in the above-captioned matter dated February 18, 1987, is affirmed in part and reversed in part in accordance with the foregoing opinion. The Chief Clerk shall, on praecipe, enter judgment for taxpayer in the amount of $21,032.83 with interest as provided by law.

CONCURRING AND DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent in part as indicated in my opinion, but concur in the majority opinion in all other respects.

CRH sells food through vending machines. The Board of Finance and Revenue found that taxpayer provides a bank of vending machines in various locations, consisting of machines which are self-service, mechanical or electronic devices. In these locations, taxpayer *may* provide microwave ovens, bill-changing machines, plasticware, cups, napkins, tables and chairs. At argument before this court, counsel for taxpayer indicated that there are instances where the facility in which the vending machines are located may supply eating facilities such as tables and chairs.

The Commonwealth treats all sales from the vending machines as taxable, except such sales of candy, chewing gum, or sales at or from schools.

Taxpayer contends that under the Tax Reform Code (Code) the sales of these food items are exempt from taxation, and in the alternative the imposition of the tax violates uniformity and equal protection since the identical items may be purchased in convenience stores without the assessment of the sales tax.

Section 204 of the Code provides that the sale of food items shall be exempt from the sales tax except when it is sold at restaurants and "other eating places."

While "other eating places" is not defined in the Code, Revenue Department regulations at 61 Pa. Code §49.1(a) does define "other eating places" as "an establishment or premises where food or beverages are prepared and sold primarily for consumption on the premises, including . . . a vending machine."

In *Rossi v. Commonwealth*, 20 Pa. Commonwealth Ct. 517, 342 A.2d 119 (1975), this court said, "The Bu-

reau saw fit to insert the words *'primarily for consumption on the premises'* as its interpretation of what other eating places are." *Rossi* at 525, 342 at 124 (emphasis added). Thus, a sale by a vending machine may be a sale for consumption on the premises if the circumstances permit such a conclusion. In some instances, there may be no eating facilities on the premises; in others there may; some may be supplied by the taxpayer, others by the establishment in which the machines are located. Thus, there can be no general rule, but each situation must be examined and determined on a case-by-case basis.