**DEPARTMENT OF REVENUE, COMMONWEALTH OF KENTUCKY, Appellant,**

v.

**TO YOUR DOOR PIZZA, INC., Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1983.

As Modified on Denial of Rehearing Jan. 27, 1984.

Discretionary Review Denied June 27, 1984.

John A. Miller, Frankfort, for appellant.

John C. Ryan, Frankfort, for appellee.

Before HOWERTON, REYNOLDS and WHITE, JJ.

HOWERTON, Judge.

The Commonwealth appeals from an order of the Franklin Circuit Court reversing an order of the Kentucky Board of Tax Appeals which determined that a cooked and sold or delivered pizza constituted a "meal ready for immediate human consumption," as the word "meal" is used in KRS 139.485(3)(h). The Commonwealth argues that the finding by the Board of Tax Appeals may not be reversed if it is supported by substantial evidence. To Your Door Pizza, Inc. (hereinafter referred to as TYD) argues that the determination of whether pizza is a "meal" is a matter of law rather than a matter of fact. It also argues that KRS 139.485 is too vague to require compliance.

TYD's sole business is the preparation and delivery of pizza products, at retail, to customers who respond to an advertised telephone number. TYD has no facilities for customers to consume the pizzas on the premises. Its sales consist almost exclusively of pizza and pizza products which

484

are prepared in the usual manner and delivered to the customer's door ready to eat.

TYD has neither collected from its customers nor paid to the Commonwealth any sales tax on the retail sales of its pizzas. It claims that its sales are exempt from tax, pursuant to the provisions of KRS 139.485(1). The Department of Revenue issued a ruling that the gross receipts from the sale of the prepared pizza products are not exempt from the Kentucky Sales Tax, and the ruling was affirmed by the Kentucky Board of Tax Appeals.

KRS 139.485(1) provides in part, "[e]xcept as otherwise provided, the terms 'sale at retail,' ... shall not include the sale ... of food for human consumption." Subsection (3)(h) provides, however, "[t]he term 'food' as used in subsection (1) of this section shall not include: ... [m]eals served on or off the premises of the retailer ...." The Board determined that the prepared pizza products sold and delivered by TYD constituted "meals" ready for human consumption. The general exemption contained in KRS 139.485(1) was inapplicable to these products because of the limiting provision contained in KRS 139.-485(3)(h). TYD sells some beverages for which it collects a sales tax. Such items are taxable under KRS 139.485(3). TYD also sells some unprepared and unheated ingredients which the Board exempted from sales taxes.

The Franklin Circuit Court reversed the ruling of the Board and concluded that the Board's ruling was not in conformity with the law. KRS 131.370. It held that the only applicable law was written by the California Supreme Court in *Treasure Island Catering Co., Inc. v. State Board of Equalization,* 19 Cal.2d 181, 120 P.2d 1 (1941). That case affirmed a finding of fact that a sandwich, a hot dog or a hamburger, was not a meal. The court reasoned:

> The generally accepted concept of a meal is that it not only consists of a larger quantity of food than that which ordinarily comprises a single sandwich, but that it usually consists of a diversified selec-

tion of foods which would not be susceptible of consumption in the absence of at least some articles of tableware and which could not be conveniently consumed while one was standing or walking about.

120 P.2d at 4.

Judicial review of the Board's decision is limited to determining whether the Board acted without or in excess of its powers, whether the order or award was procured by fraud, whether the order or award is not in conformity to the law, and whether the findings of fact are supported by the evidence. KRS 131.370(3). The question of whether pizza is a "meal" may be part fact and part law.

■ To the extent that it may be a matter of law, however, we do not find *Treasure Island, supra,* to be controlling. The case is distinguishable in several ways, but the main thing is that one no longer must "dine" to have a "meal." Today's customs would allow many single items to be considered a "meal." In today's world, a hot dog or hamburger and a soft drink frequently make a meal. Also, a sandwich can be a meal whether it is consumed standing up, sitting at a desk, perched on a steel girder, or while lunching at the Ritz. We need not speculate as to what decision the California court might make today. Under the common usage rule, "meal" simply means "the portion of food taken at one time to satisfy appetite." *Webster's New Collegiate Dictionary,* page 712 (1976). Furthermore, it is common knowledge that millions of Americans consider pizza a meal. Most pizzas contain components drawn from the four basic food groups— bread, cheese, vegetables, and meat. This Court herewith takes judicial notice of those facts. R. Lawson, *Kentucky Evidence Law Handbook,* § 1.00 at pp. 1–2 (1976).

■ To the extent that the determination that pizza is a "meal" is a finding of fact, this Court may not disturb the Board's finding if it is based on substantial evidence of probative value. *Trimble County*

*Board of Supervisors v. Mullikin,* Ky., 438 S.W.2d 524 (1968). We must conclude, therefore, that a ready-to-eat pizza can be a meal, as a matter of fact or as a conclusion of law.

█ The Kentucky General Assembly found that the five percent sales tax was unduly burdensome on persons who must spend a relatively large portion of their income for the necessities of life such as food. It provided a general exemption from sales tax for food; but in so doing, it excluded many items. The exclusions included nonessential foods and foods that were prepared and ready for consumption, such as meals. KRS 139.485(3)(j) also excludes:

> Food sold by retailers who ordinarily sell for consumption on or near the premises of the retailer even though such food is sold on a 'take out' or 'to go' order and is actually bagged, packaged or wrapped and taken from the premises of the retailer;

It is quite clear that the legislature intended to tax ready-to-eat pizzas, hot dogs, and hamburgers.

█ TYD argues that there is no distinction between the pizzas it serves and those sold by a grocery store. We believe there is a very important distinction. TYD's pizzas are prepared and delivered for immediate consumption. Pizzas in a grocery store are sold cold and must be baked after purchase. These facts distinguish restaurant type food from grocery items. Food is a basic necessity, but restaurant type preparation is not a necessity. The cooked pizzas sold and served by TYD are not exempt from sales tax. We find no unreasonable vagueness in the law.

█ TYD contends that, in the event this Court sustains the position of the Commonwealth, it should not be required to pay the various taxes, interest, and penalties retroactively. It cites *Genex/London, Inc. v. Ky. Board of Tax Appeals,* Ky., 622 S.W.2d 499 (1981), as authority for that proposition. TYD's reliance on *Genex/London, supra,* is partially misplaced.

A taxpayer may clearly be relieved of liability for penalties, when the taxpayer (1) was ignorant of the law, (2) relied on the good faith advice of competent counsel in not filing a proper tax return, and (3) when such reliance constitutes reasonable cause for failure to file a proper return. We have no knowledge of whether any of the saving features in *Genex/London, supra,* are applicable to TYD. The taxpayer may not be relieved from paying the tax itself, however, and relief from paying interest is questionable in light of KRS 139.650 and KRS 131.183. *Genex/London* only authorized excusing a penalty, and its reference to interest and penalty involved a city tax and KRS 91.430. 622 S.W.2d at 501.

The order of the Franklin Circuit Court is reversed and remanded for entry of a judgment consistent with this opinion.

All concur.