547 A.2d 523

Fleet Pizza, Inc., t/a Domino's Pizza, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Fleet Pizza, Inc., t/a Domino's Pizza, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

S&M Pizza, Ltd., t/a Domino's Pizza, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 15, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and MCGINLEY.

*P. J. DiQuinzio*, with him, *Francis Mazzola, Dechert, Price & Rhoads*, for petitioners.

*Kathleen Krise Shaulis*, Assistant Counsel, with her, *James W. Bruce*, Assistant Counsel, and *Paul S. Roeder*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 15, 1988:

The Commonwealth has filed exceptions to our order and opinion filed March 3, 1988 in the above-captioned matter[1] wherein we reversed a decision of the

---

[1] Reported in 114 Pa. Commonwealth Ct. 232, 538 A.2d 642 (1988).

Board of Finance and Revenue (Board) which sustained a use tax assessment against Fleet Pizza, Inc., t/a Domino's Pizza (Fleet) and a sales and use tax assessment against S&M Pizza, Ltd., t/a Domino's Pizza (S&M).[2] We will overrule the Exceptions and direct that judgment be entered in favor of Fleet and S&M.

As will appear in our prior opinion in this matter, taxpayers conduct a pizza business. Extensive stipulations of fact are entered into by the litigants bearing upon how this business is conducted. We have adopted those stipulations as findings of fact. At issue is the imposition of sales tax on pizzas delivered off the premises to the consumer and the imposition of a use tax on certain equipment used in the preparation of the pizzas.

While the Commonwealth has filed nine enumerated exceptions, both its brief and its oral argument are essentially reargument of what we decided. We, nevertheless, will address the exceptions.

## Sales Tax On Delivered Pizzas

It is the Commonwealth's contention that Fleet and S&M are caterers conducting a catering business. Section 204(29) of the Tax Reform Code of 1971 (Act), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7204(29), excludes from sales tax those sales at retail of food and beverages for human consumption but excepts from the exclusion food and beverages purchased from persons engaged in the business of catering. 62 Pa. Code §49.1 defines "caterer." In our opinion, we held that the business conducted by Fleet and S&M did not fall within that definition. The Commonwealth argues that this was error.

In its exceptions with respect to this issue, the Commonwealth alleges that we failed to address the

---

[2] Fleet and S&M sometimes hereinafter are referred to as taxpayers.

significant legal issue of whether "fast food franchisees" are required to collect sales tax on delivered food. As we have noted, we rejected the Commonwealth's argument that Fleet and S&M were caterers. There can be no question that Fleet and S&M were selling a food product for human consumption and that the only exception to that exclusion argued by the Commonwealth was that of caterer. Our decision admittedly did not and was not intended to apply to the generic term of "fast food franchisees." We were required to decide whether Fleet and S&M were subject to tax. That is the issue presented and the one we decided. Beyond our scope of review here is the question of whether Fleet and S&M are "fast food franchisees." Also beyond our review is the question of whether others in the fast food franchise business or related businesses similarly conducted their business and, therefore, would be entitled to the same tax treatment.

It is contended by the Commonwealth that we erred by applying the "method of merchandizing test." It is true that we did make reference to the manner in which the taxpayers packaged and delivered their pizzas. The method of merchandizing test was employed by this Court in *CRH Catering Co., Inc. v. Commonwealth of Pennsylvania,* 104 Pa. Commonwealth Ct. 91, 521 A.2d 497 (1987). We are of the opinion that this test is an appropriate way to determine whether the taxpayers here are "caterers." According to the stipulated facts, no utensils, napkins, flatware, condiments or other accessories are included in the packaged pizza which is delivered to the consumer's door free of charge. The deliverer hands over the package to the customer and leaves. A caterer, in the usual sense of the word, is someone whose business is to arrange for and supervise all the details as to food and service for social affairs.[3]

---

[3] *See* Webster's *Third International Dictionary* (1986).

The taxpayers here simply are not caterers either in the usual sense of the word or under the statutory definition.

In *Amstar v. Domino's Pizza, Inc.,* 615 F.2d 252 (5th Cir. 1980), a case the Commonwealth says we failed to consider, the action was a trademark infringement suit between Domino's Pizza, Inc. and Amstar which owned the "Domino" trademark for sugar, etc. The court there said that "Domino's Pizza" was used in connection with the sale of fast food delivered hot pizza pies. We fail to see how that characterization of a pizza business is relevant to the issue of whether the taxpayers here are caterers; moreover, the decision would not be binding upon us in any event.

The Commonwealth says we erred in not concluding that pizza is a meal, a conclusion reached by the Kentucky court of appeals in *Department of Revenue v. To Your Door Pizza,* 670 S.W.2d 482 (Ky. Ct. App. 1984). We note that in that case, the court actually said that pizza may be a meal and can be a meal but that that issue is for the trier of fact. In the case now before us, we are the trier of fact. Nothing in the stipulations of fact before us states that pizza is a meal. We are requested to decide the case on the stipulations of fact. It was the Commonwealth's burden to prove that the taxpayers fell within the exception. Lacking any evidentiary proof that pizza is a meal, we did not need to resolve that question. We note, moreover, that even if pizza is a meal, that is only one characteristic of caterer set forth in 61 Pa. Code §49.1. Personal experience as consumers indicates to us that pizza may or may not be a "meal" depending upon the occasion when it is consumed.

The last exception relating to the catering issue centers upon the case of *Munsch Limited v. Pennsylvania Board of Finance and Revenue,* 47 Pa. D. & C .2d

326 (1969). In that case, the taxpayer, who sold food from trucks where customers at work sites would walk through and buy food and drinks, contended that he was exempt from sales tax under the general exemption for sales of food and drink. The court, however, held that the sales were taxable because the transaction occurred in an "other eating place." *See* Section 204(29)(iii)(ii) of the Law. The Commonwealth claims that the result in that case somehow controls the result we must reach here. It is not difficult to distinguish *Munsch* from the case now before us. The issues were not entirely different. Most pertinently, catering was not an issue in *Munsch*.

## USE TAX ON EQUIPMENT

It is provided in 61 Pa. Code §41.1 that a person engaged in the business of making bakery products is a manufacturer within the meaning of Section 201(c) of the Law, 72 P.S. §7201(c). At least nine of the stipulated facts in this case relate to the process of baking pizza. Most significant, perhaps, is Stipulation No. 31 which reads as follows:

> The process used to make pizza is similar to that which is used to make fruit or cream pie, bread, cake, pastry *or other bakery products* except for the different ingredients.

(Emphasis added.) We concluded in our prior opinion that making pizza was making a bakery product and that the exemption set forth in 61 Pa. Code §32.32 for equipment, machinery and supplies used in the pizza-baking process were exempt from the use tax.

In its exceptions, the Commonwealth first says that we held the taxpayers' equipment to be exempt without first determining that the manufacturing exemption applied. We note that we cited 61 Pa. Code §41.1 and set forth its pertinent language in the opinion. While our

opinion does not specifically say that making pizza is "baking" within the purview of 61 Pa. Code §41.1, the fair inference is that we so concluded when we immediately went on in our opinion to discuss the equipment used in the process. To alleviate any doubt about the matter, however, we now state that based upon the stipulations of fact in this case, Fleet and S&M are entitled to the manufacturers' exemption because making pizza is the making of a bakery product.

Next, the Commonwealth contends that we erred when we did not follow *Matter of Burger King v. State Tax Commission,* 51 N.Y.2d 614, N.E.2d 1024 (1980) and *McDonald's Corp. v. Oklahoma Tax Commission,* 563 P.2d 635 (Okla. 1977), which held that the fast food operations there at issue were not entitled to the manufacturing exemption. Suffice it to say that there is a considerable difference between making a hamburger sandwich and a pizza. Furthermore, the bakery exemption was not raised as an issue in either of those two cases.

Finally, the Commonwealth says we did not consider significant Pennsylvania tax cases which dealt with the manufacturing exemption. The mere fact that we may not have dealt with each of the cases mentioned in the Commonwealth's brief in a specific manner does not mean that we did not consider them; it does mean that we did not think they were controlling.

CONCLUSION

Finding no merit in the Commonwealth's exceptions, we will overrule them and order that judgment be entered for the taxpayers.

ORDER

The Commonwealth's exceptions to the opinion and order of this Court filed March 3, 1988 are overruled. The Chief Clerk is directed to enter judgment in favor of the Petitioners, Fleet Pizza, Inc. t/a Domino's Pizza and S&M Pizza, Ltd. t/a Domino's Pizza.

Dissenting Opinion by President Judge Crumlish, Jr.:

I respectfully dissent.

The record, on stipulation of facts, shows that the petitioners manufacture for sale and distribution a product to be consumed at home.

> 61 Pa. Code §49.1 pertinently defines "caterer" as [o]ne primarily engaged in the selling, providing or furnishing of food and beverages which are essentially *fully prepared* and usually *ready-to-eat* and which are intended for immediate consumption at a specific meal, affair or social function, usually at the premises of one other than the caterer, *whether or not* delivery to those premises, or *food service is also provided* by the caterer.

(Emphasis added.)

The petitioners deliver pizzas (and beverages) fully prepared, hot and ready-to-eat. The petitioners' customers intend to consume them immediately, either *as* a meal or at a specific meal off the premises, usually at their home. Thus, the petitioners fit squarely within the Code's definition which, significantly, contains a provision that "food service"—*i.e.*, preparation and arrangement of food, napkins, flatware, and other accessories —need not be provided in order to qualify as a caterer.

The petitioners furnish products for meals and/or social affairs, no matter how informal those events may be. I do not discern a substantive legal difference in the distinction between pizza delivery service and the notion of caterer "in the usual sense of the word." Majority op., p. 466.

I would grant the Commonwealth's exceptions.