O’MALLEY, J.,
This case is a matter of taxation, or, as it is sometimes referred to by those who would oppose it, forced contribution. Houck v. Little River Drainage Dist., 239 U.S. 254 (1915). Among its endeavors, Krispy Kreme Doughnut Corporation franchises local operations. The one in Scranton is called Early Morning Donuts Inc. Plaintiffs, City of Scranton and School District of Scranton, have attempted to impose a business privilege and mercantile tax on Early Morning. The latter has resisted on the basis that it is a manufacturing concern and therefore exempt from a mercantile or business-privilege tax under 72 Pa.C.S. §4750.532 of the Local Tax Reform Act.
Is what Early Morning doing on its local premises the manufacture of doughnuts? Plaintiffs claim that because Krispy Kreme supplies Early Morning with a premixed blend which constitutes a part of the finished product, it is not. It is plaintiffs’ position that this dry powder is, in actuality, that myriad panoply of deep fried, confected shapes, types, tastes, colors, sizes and forms — that destroyer of firm resolves — the doughnut. Since we cannot *117 legally, or in good taste, agree with plaintiffs’ argument, we find that Early Morning is entitled to an exemption.
“But what is manufacturing? It is making. To make in the mechanical sense does not signify to create out of nothing; for that surpasses all human power. It does not often mean the production of a new article out of materials entirely raw. It generally consists in giving new shapes, new qualities, or new combinations to matter which has already gone through some other artificial process.” Norris Brothers v. Commonwealth, 27 Pa. 494, 496 (1856).
“Or, in other words, the process of manufacture brings about the production of some new article by the application of skill and labor to the original substance or material out of which such new product emerges. If however there is merely a superficial change in the original materials or substances and no substantial and well-signalized transformations in form, qualities and adaptability in use, quite different from the originals, it cannot properly and with reason be held that a new article or object has emerged — a new production been created.” Commonwealth v. Weiland Packing Co., 292 Pa. 447, 450-1 (1928). .
The process used by Early Morning in making up dough from the dry mix, making the yeast brew, combining the brew with a dough, and cutting, forming, proofing and frying the combined mixture constitutes the manufacture of a final product which is substantially different from the mix, and so, meets the test of manufacturing as defined by the Pennsylvania Supreme Court.
Plaintiffs’ argue that Early Morning merely “cooks” the powder to produce the finished product and, thereby, they equate the creation of the noble doughnut with the boiling of a squash or the *118 stewing of a swede. The process Early Morning employs is far more analogous to the manufacture of pizza, Fleet Pizza Inc. v. Commonwealth, 119 Pa. Commw. 463, 547 A.2d 523 (1988); potato chips, Commonwealth v. Snyder’s Bakery, 348 Pa. 308, 35 A.2d 260 (1944); or the products of a modern bakery, Gysegem v. School District of Carroll Twp., 40 Washington Rep. 109 (1960).
Although counsel for the taxing agencies (plaintiffs) makes a strong argument, and has submitted an exhaustive and comprehensive brief in support of his client’s position, the court is not convinced.
An order will be entered sustaining the appeal.
ORDER
Now, September 25, 1990, for the reasons contained in the accompanying opinion, it is hereby ordered that the appeal of defendants is sustained; defendants are exempt from the imposition of the business-privilege and mercantile taxes of plaintiffs.